ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Warren S. Kinsler      State Bar No. 103265, wkinsler@aalrr.com
Irma Rodriguez Moisa   State Bar No. 162272, imoisa@aalrr.com
Sharon J. Ormond      State Bar No. 195812, sormond@aalrr.com
12800 Center Court Drive, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for Defendants BRUCE BARON, EARIC PETERS, and MYRA SIEGEL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHARA GUENGERICH, KORTNEY BLYTHE, ASHLEY COLANTUONO, HENRY SHAVER, and TARA SHAVER,<br><br>Plaintiffs,<br><br>vs.<br><br>BRUCE BARON, in his individual and official capacity, EARIC PETERS, in his individual and official capacity, MYRA SIEGEL, in her individual and official capacity, RICHARD PFIEFFER, in his individual and official capacity,<br><br>Defendants. | CASE NO.: 2:10-CV-01045-JHN(PLAx)<br><br>**DEFENDANTS BRUCE BARON AND EARIC PETERS' OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Assigned: Hon. Jacqueline H. Nguyen<br>Date: March 14, 2011<br>Time: 2:00 p.m.<br>CtRm: 790 (Roybal Federal Bldg.)<br><br>[Filed Concurrently with Opposition to Plaintiffs' Motion for Summary Judgment and Statement of Genuine Issues in Opposition to Plaintiffs' Motion for Summary Judgment]<br><br>Complaint Filed: January 7, 2010<br>Trial date: May 17, 2011 |

   Defendants Bruce Baron and Earic Peters hereby object to the following evidence submitted by Plaintiffs in opposition to Plaintiffs' Motion for Summary Judgment in this action:

/ / /

1. **Declaration of Kortney Blythe**

    a. Paragraph 4, "The quad is approximately 200 feet wide by 700 feet long"

        Objection: Lack of foundation, vague and ambiguous, conclusory, calls for speculation, irrelevant.

    b. Paragraph 5, "Students use the quad to congregate, learn, and just hang out."

        Objection: Lack of foundation, vague and ambiguous as to the meaning of "congregate," conclusory, calls for speculation, irrelevant.

    c. Paragraph 6, "The main quad area, just east of the campus administration building, is one of the main areas where students gather between classes."

        Objection: Lack of foundation, vague and ambiguous as to the meanings of "main areas" and "gather," conclusory, calls for speculation, irrelevant.

    d. Paragraph 7, "The middle path has fixtures such as a large sign board with a campus map, recycling bins, and a bicycle rack."

        Objection: Lack of foundation (particularly as to how the area appeared in December 2008), vague and ambiguous as to the meanings of "large pillars," "large sign board" and "gather," conclusory, irrelevant.

    e. Paragraph 8, "Entrances to both Clausen and Franklin Hall open onto the walkway between buildings."

        Objection: Lack of foundation (particularly as to how the area existed in December 2008), vague and ambiguous, irrelevant.

    f. Paragraph 9, "The breezeway is not an area where students congregate."

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

    Objection: Lack of foundation, vague and ambiguous as to the meaning of "congregate," conclusory, calls for speculation, irrelevant.

g. Paragraph 9, "The breezeway area is only one of several entrances through which some fraction of LACC students pass to gain access to the campus. There are several other entrances to the LACC campus. There is at least one other entrance off of Vermont Avenue and another on the opposite side of the campus off of Heliotrope Drive."

    Objection: Lack of foundation, vague and ambiguous, conclusory, calls for speculation, irrelevant.

h. Paragraph 10, "Additionally, there are several points of entry off of Monroe Street many of which lead into the quad."

    Objection: Lack of foundation, vague and ambiguous, conclusory, irrelevant.

i. Paragraph 11, "I moved to that area and was there for about ninety minutes. While there, I observed that, for a brief period of time, the area had a number of students passing through it, but the free speech area was not a place where students congregated between classes. Students simply passed by the free speech area on their way to class. Once the class period began, we observed almost no students in or near the free speech area."

    Objection: Lack of foundation (one ninety-minute stay in the area provides insufficient foundation to establish pattern), vague and ambiguous, conclusory, argumentative, irrelevant.

j. Paragraph 15, ". . . but they also took up a significant segment of the area around the flagpole. The construction fences restricted student passage into the quad from the Vermont Street entrance to an approximately 20-foot-wide walkway south of the flagpole hemmed in

by fences on one side and Clausen Hall on the other."

   <u>Objection</u>: Lack of foundation, vague and ambiguous, conclusory, argumentative, irrelevant.

k. Paragraph 16, ". . . I repeatedly asked the persons telling us to move why we could not stay in the quad and why we could only stand in the single free speech area. They never gave us a reason, not did they appear even to try to give a reason."

   <u>Objection</u>: Hearsay, lack of foundation, vague and ambiguous, argumentative, irrelevant.

l. Paragraph 17, "Our conduct was routinely peaceful and orderly."

   <u>Objection</u>: Argumentative, conclusory, calls for a legal conclusion, vague and ambiguous.

2. **Declaration of Ashley Colantuono**

a. Paragraph 5, "The quad is approximately 200 feet wide by 700 feet long"

   <u>Objection</u>: Lack of foundation, vague and ambiguous, conclusory, calls for speculation, irrelevant.

b. Paragraph 6, "Students use the quad to congregate, learn, and just hang out."

   <u>Objection</u>: Lack of foundation, vague and ambiguous as to the meaning of "congregate," conclusory, calls for speculation, irrelevant.

c. Paragraph 7, "The main quad area, just east of the campus administration building, is one of the main areas where students gather between classes."

   <u>Objection</u>: Lack of foundation, vague and ambiguous as to the meanings of "main areas" and "gather," conclusory, calls for speculation, irrelevant.

    d.    Paragraph 8, "Our conduct was routinely peaceful and orderly."

          <u>Objection</u>: Argumentative, conclusory, calls for a legal conclusion, vague and ambiguous.

    e.    Paragraph 9, "The first security officer who contacted us acknowledged that we were not causing any disturbance."

          <u>Objection</u>: Hearsay, lack of foundation, vague and ambiguous.

    f.    Paragraph 10, "Shara Guengerich and I still engage in activities with the Survivors.  We wish to return to LACC to engage in communicative activity in the quad but are afraid that if they do so, we will be arrested by defendants Peters and Pfeiffer."

          <u>Objection</u>: Lack of foundation and personal knowledge as to Shara Guengerich.

**3.**    **Declaration of Henry Shaver**

    a.    Paragraph 4, "The quad is approximately 200 feet wide by 700 feet long"

          <u>Objection</u>: Lack of foundation, vague and ambiguous, conclusory, calls for speculation, irrelevant.

    b.    Paragraph 5, "Students use the quad to congregate, learn, and just hang out."

          <u>Objection</u>: Lack of foundation, vague and ambiguous as to the meaning of "congregate," conclusory, calls for speculation, irrelevant.

    c.    Paragraph 6, "The main quad area, just east of the campus administration building, is one of the main areas where students gather between classes."

          <u>Objection</u>: Lack of foundation, vague and ambiguous as to the meanings of "main areas" and "gather," conclusory, calls for speculation, irrelevant.

    d.    Paragraph 7, "The middle path has fixtures such as a large sign board with a campus map, recycling bins, and a bicycle rack."

          <u>Objection</u>: Lack of foundation (particularly as to how the area appeared in December 2008), vague and ambiguous as to the meanings of "large pillars," "large sign board" and "gather," conclusory, irrelevant.

    e.    Paragraph 8, "Entrances to both Clausen and Franklin Hall open onto the walkway between buildings."

          <u>Objection</u>: Lack of foundation (particularly as to how the area existed in December 2008), vague and ambiguous, irrelevant.

    f.    Paragraph 9, "The breezeway is not an area where students congregate."

          <u>Objection</u>: Lack of foundation, vague and ambiguous as to the meaning of "congregate," conclusory, calls for speculation, irrelevant.

    g.    Paragraph 9, "The breezeway area is only one of several entrances through which some fraction of LACC students pass to gain access to the campus. There are several other entrances to the LACC campus. There is at least one other entrance off of Vermont Avenue and another on the opposite side of the campus off of Heliotrope Drive."

          <u>Objection</u>: Lack of foundation, vague and ambiguous, conclusory, calls for speculation, irrelevant.

    h.    Paragraph 10, "Additionally, there are several points of entry off of Monroe Street many of which lead into the quad."

          <u>Objection</u>: Lack of foundation, vague and ambiguous, conclusory, irrelevant.

    i.    Paragraph 11, "I moved to that area and was there for about twenty-five minutes. While there, I observed that, for a brief period of time,

  the area had a number of students passing through it, but the free speech area was not a place where students congregated between classes. Students simply passed by the free speech area on their way to class. Once the class period began, we observed almost no students in or near the free speech area."

    Objection: Lack of foundation (one ninety-minute stay in the area provides insufficient foundation to establish pattern), vague and ambiguous, conclusory, argumentative, irrelevant.

 j. Paragraph 12, "After remaining in the free speech area for about twenty-five minutes, I went to the quad to hand out literature. I observed significantly more students gathered in the quad and passing through the walkways in the quad compared to the number of students he had seen in the free speech area."

    Objection: Lack of foundation (one brief visit to campus provides insufficient foundation to establish pattern), vague and ambiguous, conclusory, argumentative, irrelevant.

 k. Paragraph 16, ". . . but they also took up a significant segment of the area around the flagpole. The construction fences restricted student passage into the quad from the Vermont Street entrance to an approximately 20-foot-wide walkway south of the flagpole hemmed in by fences on one side and Clausen Hall on the other."

    Objection: Lack of foundation, vague and ambiguous, conclusory, argumentative, irrelevant.

 l. Paragraph 17, ". . . I repeatedly asked the persons telling us to move why we could not stay in the quad and why we could only stand in the single free speech area. They never gave us a reason, not did they appear even to try to give a reason."

    Objection: Hearsay, lack of foundation, vague and ambiguous,

argumentative, irrelevant.

m. Paragraph 18, "Our conduct was routinely peaceful and orderly."

<u>Objection</u>: Argumentative, conclusory, calls for a legal conclusion, vague and ambiguous.

n. Paragraph 19, "The first security officer who contacted us acknowledged that we were not causing any disturbance."

<u>Objection</u>: Hearsay, lack of foundation, vague and ambiguous.

**4. Declaration of Allison Aranda, Exhibit A, Deposition Testimony of Richard Pfeiffer, pp. 16:18 - 17:3.**

<u>Objection</u>: Vague and ambiguous as to "congregating area."

Defendants Bruce Baron and Earic Peters will respectfully request the court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

DATED: February 18, 2011   ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Sharon J. Ormond
Warren S. Kinser
Irma Rodriguez Moisa
Sharon J. Ormond
Attorneys for Defendants BRUCE BARON, EARIC PETERS, and MYRA SIEGEL

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 12800 Center Court Drive, Suite 300. Cerritos, CA 90703.

On February 18, 2011, I hereby certify that I electronically filed the foregoing **DEFENDANTS BRUCE BARON AND EARIC PETERS' OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** with the clerk of the Court for the United States District Court by using the appellate CM/ECF system.

☑   I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM-ECF system.

☐   **NOT ALL PARTICIPANTS ARE CM/ECF PARTICIPANTS**

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by ☑ First-Class Mail, postage prepaid, or ☐ have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM-ECF participants:

| | |
|---|---|
| Allison K. Aranda, Esq.<br>Life Legal Defense Foundation<br>P.O. Box 890685<br>Temecula, CA 92589 | Tel:  (951) 541-9327<br>Fax:  (951) 541-2711<br><br>Attorneys for Plaintiffs |
| Catherine W. Short, Esq.<br>Life Legal Defense Foundation<br>P.O. Box 1313<br>Ojai, CA 93024 | Tel:  (805) 640-1940<br><br>Attorneys for Plaintiffs |
| Andrea Sheridan Ordin, County Counsel<br>Roger H. Granbo, County Counsel<br>Jennifer A.D. Lehman, Principal Deputy County Counsel<br>648 Kenneth Hahn Hall of Administration<br>500 West Temple Street<br>Los Angeles, CA 90012 | Tel:  (213) 974-1908<br>Fax  (213) 626-2105<br><br>Attorneys for Defendant Richard Pfeiffer |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 18, 2011, at Cerritos, California.

/s/ Melissa Martinez
Melissa Martinez